**In re AMERICAN TOWER CORP. SECURITIES LITIGATION.**

C.A. No. 06–10933–MLW.

United States District Court, D. Massachusetts.

Aug. 26, 2009.

**224**

Alan L. Kovacs, Law Office of Alan L. Kovacs, Boston, MA, Andrew J. Brown, Travis E. Downs, III, Coughlin Stoia Geller Rudman & Robbins LLP, San Diego, CA, David A. Rosenfeld, Coughlin Stoia Geller Rudman & Robbins LLP, Melville, NY, for Consolidated Plaintiff.

Frank Hilton Tomlinson, Birmingham, AL, Jason B. Adkins, Adkins, Kelston and Zavez, P.C., Garrett J. Bradley, Thornton & Naumes, LLP, Boston, MA, David J. Goldsmith, Ira A. Schochet, Joel H. Bernstein, Steven W. Tountas, Labaton, Sucharow & Rudoff, LLP, New York, NY, for Plaintiff.

B. Warren Pope, Benjamin Lee, Michael R. Smith, King & Spalding LLP, Atlanta, GA, for Consolidated Defendant/Defendant.

Alan D. Rose, Jr., Alan D. Rose, Sr., B. Warren Pope, Meredith Ann Wilson, Rose, Chinitz & Rose, Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom LLP, Boston, MA, Michael J. Mott, Michael R. Smith, Dinsmore & Shohl, Cincinnati, OH, for Consolidated Defendant.

Matthew A. Martel, Edwards Angell Palmer & Dodge LLP, Michael T. Gass, Choate, Hall & Stewart, Boston, MA, for Defendant.

*MEMORANDUM AND ORDER*

WOLF, District Judge.

Lead Plaintiff in this case moves for authorization to distribute the Net Settlement Fund. *See* Lead Plaintiff's Mot. to Authorize Distribution of Net Settlement Fund, Inclusion of Late Claims, Payment of Fees and Expenses for Claims Administration, and Disposition of Any Residual Balance (the "Motion"). Because the Motion requests authorization, under certain circumstances, to disburse settlement funds to a non-profit organization with little connection to the harms class members suffered, the motion is being denied with respect to possible distribution of unclaimed class funds to the Peggy Browning Fund. The motion is otherwise being allowed.

The Motion requests authorization to, among other things:

reallocate to Authorised Claimants (including Late Claimants) any residual funds remaining ... no later than six (6) months from the date of distribution of the Net Settlement Fund, provided such reallocation is economical, and to thereafter donate any remaining balance to The Peggy Browning Fund, a private, nonsectarian, not-for-profit organization with 501(c)(3) tax-deductible status.

*Id.* The court must, therefore, determine whether the Peggy Browning Fund is an appropriate recipient of any residual settlement funds.

 When distribution of settlement funds to class members is impractical,[1] the court may invoke the doctrine of *cy pres* to distribute class funds to a "next-best" recipient. *See In re Airline Ticket Commission Antitrust Litigation,* 268 F.3d 619,

---

1. The court understands the Motion's proviso limiting reallocation to circumstances where "such reallocation is economical" to mean that residual funds will be donated to non-profits only where the cost per class member of distributing the residual funds substantially outweighs the amount each class member would receive.

626 (8th Cir.2001). "In such cases, the court, guided by the parties' original purpose, directs that the unclaimed funds be distributed for the prospective benefit of the class." *Id.* (citations and internal quotation marks omitted).

 In this case, the settlement arose from allegations of a securities fraud and the class consists of members of the public who where harmed by the securities fraud. For that reason, the Peggy Browning Fund is, on the record before the court, an inappropriate recipient of any unclaimed class funds. Disbursement of unclaimed funds must have some relationship to the harm suffered by class members. *See Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F.2d 1301, 1308 (9th Cir.1990). However, the Peggy Browning Fund focuses on labor issues. See Declaration of David J. Goldsmith ¶ 5. Moreover, the proposed distribution to the Peggy Browning Fund is without any limitation to securities-fraud-related issues. *Cf. id.* at 1308 (rejecting distribution to organization in part because organization would not be "limited in its choice of projects"). Therefore, it does not appear that funds donated to the Peggy Browning Fund would benefit the class or address the harms suffered by class members.

Although the Peggy Browning Fund is not an appropriate recipient of unclaimed class funds in this case, it is not now necessary to decide how to use any unclaimed funds that cannot economically be distributed to previously identified class members. This issue can appropriately be decided if and when such unclaimed funds remain. *See Six Mexican Workers,* 904 F.2d at 1309. If Lead Plaintiff renews its request that unclaimed funds be distributed to a public interest organization, he should, if possible, propose a national organization whose work relates to the harm suffered by class members in this case. In addition, the organization should not be involved in litigation because the court is concerned about possibly directing funds to a party or lawyer who could appear before it.

The proposed distribution is otherwise appropriate.

Accordingly, it is hereby ORDERED that:

1. Lead Plaintiff's Motion to Authorize Distribution of Net Settlement Fund, Inclusion of Late Claims, Payment of Fees and Expenses for Claims Administration, and Disposition of Any Residual Balance (Docket No. 129) is ALLOWED in part.

2. The Net Settlement Fund shall be distributed forthwith to Authorized Claimants, including Late Claimants, consistent with the Plan of Allocation of the Net Settlement Fund previously approved by the Court by Order dated June 11, 2008.

3. Otherwise eligible claims that were submitted after the September 9, 2008 postmark deadline but received on or before July 27, 2009 are hereby deemed timely and shall be included in the Settlement.

4. SCS shall be paid fees and expenses from the Net Settlement Fund in the total amount of $339,085.14.

5. Not later than six (6) months after the distribution of the Net Settlement Fund to Authorized Claimants, including Late Claimants, any residual, unclaimed balance of the Net Settlement Fund shall be reallocated to Authorized Claimants (including Late Claimants), provided such reallocation is economical. Any balance which remains in the Net Settlement Fund shall be distributed as the Court, acting on a motion of the Lead Plaintiff, deems appropriate in the exercise of its discretion.

6. The Court retains jurisdiction to consider any further applications concerning the administration of the settlement

and such other and further relief as this Court deems appropriate.